# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey DeLoach, Jr., | No. CV-15-00530-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Before the Court is a Report and Recommendation (Doc. 37) in which Magistrate Judge Rateau recommends that this Court dismiss Petitioner's Amended Petition (Doc. 21). Also before the Court is Petitioner's Request for Production of Documents (Doc. 40). As explained more fully below, the Court will adopt the Report and Recommendation in full, dismiss the Amended Petition, and deny the Request for Production of Documents as moot.

**I.  Background**

Petitioner Jeffrey DeLoach, Jr., who is currently housed at ASPC-Manzanita in Tucson, Arizona, brings this habeas petition pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction on two counts of aggravated assault and one count of disorderly conduct. He is serving two consecutive 7.5 year terms on those convictions. Petitioner originally filed his original Petition in November 2015 (Doc. 1) and an Amended Petition in April 2016 (Doc. 21.)  In June 2016, Respondents filed a Response to the Amended Petition (Doc. 22), and Petitioner filed a Reply (Doc. 30). Magistrate Judge Jaqueline Rateau

issued a Report and Recommendation on May 21, 2018 (Doc. 37).

## II. Amended Petition

Petitioner's Amended Petition alleges that at his trial and in his post-conviction relief ("PCR") proceedings, he was denied effective assistance of counsel in violation of his 6th Amendment rights. (Doc. 21 at 13.) He claims that trial counsel was ineffective for (1) failing to rebut evidence that Petitioner was a gang member, (2) failing to move for a new trial when the State withdrew from seeking the gang-membership aggravation, (3) failing to request that Petitioner's convictions be vacated based on allegedly perjured testimony presented by the State regarding Petitioner's gang membership, and (4) failing to advise Petitioner not to testify on his own behalf. (*Id.* at 16-17.) Petitioner argues that these failings were so severe as to constitute "structural error" and that they likely affected the verdict, which Petitioner contends was only weakly supported by the evidence. (*Id.* at 40, 51). Petitioner also claims that his PCR counsel was ineffective for failing to properly present the issues regarding trial counsel's ineffective assistance and for inappropriately and ineffectively bringing a newly discovered evidence claim in an attempt to obtain a new trial. (*Id.* at 17, 49.) He argues that he should be granted an evidentiary hearing in order to more fully develop his ineffective assistance of counsel claims. (*Id.* at 53.)

Petitioner did not raise any ineffective assistance of counsel ("IAC") claims in his direct appeal (*see* Doc. 23-4), or in his Petition for Post-Conviction Relief (*see* Doc. 24-7).

## III. Report and Recommendation

Judge Rateau's Report and Recommendation finds that, although the Amended Petition was timely filed, each of the claims raised are unexhausted and inexcusably procedurally defaulted. (Doc. 37 at 6.) Petitioner filed an Objection to the Report and Recommendation (Doc. 38), to which Respondents responded (Doc. 39).

### A. Standard of Review

A district judge must "make a de novo determination of those portions" of a

magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**B.     Discussion**

Respondents did not object to Judge Rateau's finding that the Amended Petition is timely, and because the finding is not clearly erroneous, the Court will adopt this portion of the recommendation. (*See* Doc. 37 at 6-11.)

Judge Rateau found that all of Petitioner's claims are unexhausted and procedurally defaulted. (Doc. 37 at 13.) Additionally, Judge Rateau found that even if procedural default is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), each of Petitioner's IAC claims fail on the merits. (*Id.*) Judge Rateau addressed each IAC claim under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to show both deficient performance and prejudice in order to establish an IAC claim.

Although Petitioner purports to bring "specific written objections" to Judge Rateau's Report and Recommendation (Doc. 38 at 1), his Objections, even if generously construed, object only to Judge Rateau's finding that Petitioner was not prejudiced by PCR counsel's failure to raise an IAC claim.[1]

Nothing in Petitioner's Objection addresses Judge Rateau's finding that

---

[1] Instead of making specific objections to Judge Rateau's findings and recommendations, Petitioner makes arguments regarding the alleged defects in his state-court proceedings and re-states the bases for his Petition.

- 3 -

Petitioner's claims are unexhausted and procedurally defaulted, and that finding is not clearly erroneous. Furthermore, although Petitioner's Objection asserts that he was prejudiced by trial counsel's and PCR counsel's alleged failures, his Objection is non-specific and fails to raise any argument that even remotely calls into question Judge Rateau's findings that Petitioner's IAC claims fail on the merits even if procedural default is excused under *Martinez*. Accordingly, the Court will adopt Judge Rateau's Report and Recommendation in full.

**IV.   Request for Production of Documents**

Two months after the Report and Recommendation issued, Petitioner filed a Request for Production of Documents. (Doc. 40.) Respondents responded in opposition. (Doc. 42.) It is not clear what documents Petitioner seeks, or for what purpose. Because the Petition will be dismissed, and because Petitioner has failed to show good cause for discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, the Court will deny Petitioner's Request for Production of Documents.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Jaqueline Rateau's Report and Recommendation (Doc. 37) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 21) is **dismissed**.  The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Petitioner's Request for Production of Documents (Doc. 40) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 19th day of October, 2018.

Honorable Rosemary Márquez
United States District Judge